Acknowledgment and Waiver of Rights                                U.S. DISTRICT COURT
                                                                   DISTRICT [illegible]
                                                                   (FILED)

# UNITED STATES DISTRICT COURT
## District of New Hampshire

2004 DEC 34  A 10: 04

UNITED STATES OF AMERICA

v.

**Timothy P Schroeder**
_____
Defendant

**ACKNOWLEDGMENT AND WAIVER OF RIGHTS**

Case Number: __04 - 10339 PJB__
             __04-213-01-PB__

I, __Timothy P Schroeder__, hereinafter the defendant, do hereby freely and voluntarily make the following statements that I understand shall apply to each and every offense to which I intend to plead GUILTY.

I understand that I am under no obligation to plead GUILTY, and that even after signing this form I am still under no obligation to plead GUILTY. I understand that I do not have a negotiated plea agreement with the government and that the Judge can impose any sentence authorized by law for the offense to which I am pleading GUILTY.

I have discussed the present plea of GUILTY with my attorney, __William A. Brown__, Esquire, who has explained the nature and elements of the offense(s) to me, which I fully understand. The offense(s) to which I am pleading GUILTY, the statutory reference, the elements of the offense(s), (all of which the government would have to prove beyond a reasonable doubt), and the possible penalties for the offense(s), are as follows:

1. **Statute and the Elements of the Offense.**

   The defendant is pleading guilty to the following statutes. The defendant acknowledges, understands and agrees that if this case proceeded to trial, the United States would be required to prove the following elements beyond a reasonable doubt:

   [Title and Text of Offense and Statutory Citation]

I. Title of Offense Charged/Statutory Citation: _____

Elements of the Offense Charged: __SEE ATTACHED__

_____

_____

_____

II. Title of Offense Charged/Statutory Citation: _____

Elements of the Offense Charged: __SEE ATTACHED__

_____

_____

_____

USDCNH-88 (6-04)                                                              Page 1

Acknowledgment and Waiver of Rights

III. Title of Offense Charged/Statutory Citation: _____SEE ATTACHED_____

Elements of the Offense Charged: _____

*Please provide the above requested information on a separate attachment if the defendant is pleading to more than 3 offenses.

2. **Penalties**.

The defendant also acknowledges, understands and agrees that the maximum penalties for the offense(s) are:

*SEE ATTACHED*

A. A maximum prison term of ___ years and a mandatory minimum sentence of ___ years;

B. A maximum fine of $_____ (18 U.S.C. §3571) and an additional fine to pay the costs of any imprisonment, probation or supervised release ordered (U.S.S.G. § 5E1.1(I));

C. A mandatory special assessment of $100.00 [for each count of conviction] which the defendant agrees to pay at or before the time of sentencing; and

D. A term of supervised release of not more than ___ years. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

E. The defendant also acknowledges, understands and agrees that, in addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim of the offense, pursuant to 18 U.S.C. §3663.

3. **Waiver of Trial Rights and Consequences of Plea**.

The defendant acknowledges, understands and agrees that he/she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.

The defendant also acknowledges, understands and agrees that he/she has the right:

A. to plead not guilty or to maintain that plea if it has already been made;

B. to be tried by a jury and, at that trial, the right to the assistance of counsel;

C. to confront and cross-examine witnesses against her;

D. not to be compelled to provide testimony that may incriminate the defendant; and

E. the right to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant acknowledges, understands and agrees that by pleading guilty he/she waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant acknowledges, understands and agrees that if he/she pleads guilty, the Court may ask him/her questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

Acknowledgment and Waiver of Rights

4. **Sentencing and Application of the Sentencing Guidelines**.

   The defendant also acknowledges, understands and agrees that:

   A.   the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case;

   B.   the Court is required to consider any applicable Sentencing Guidelines, but may depart from those Guidelines under some circumstances; and

   C.   he/she has no right to withdraw his/her guilty plea if his/her sentence is other than he/she anticipated.

   The defendant also acknowledges, understands and agrees that the United States and the United States Probation Office will:

   A.   advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

   B.   respond to questions from the Court;

   C.   correct any inaccuracies in the pre-sentence report;

   D.   respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court; and

   E.   may address the Court with respect to an appropriate sentence to be imposed in this case.

   The defendant acknowledges, understands and agrees that any estimate of the probable sentence, or the probable sentencing range that he/she may have received from any source, is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court.

5. **Acceptance of Responsibility**.

   The defendant also acknowledges, understands and agrees that he/she may be entitled to a reduction in his/her sentence based upon his/her prompt recognition and affirmative acceptance of responsibility for the offense(s).

   The defendant also acknowledges, understands and agrees, however, that the United States may oppose such a reduction to the defendant's sentence if the defendant:

   A.   fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

   B.   challenges the United States's offer of proof at any time after the plea is entered;

   C.   denies involvement in the offense;

   D.   gives conflicting statements about that involvement or is untruthful with the Court, the United States or probation officer;

   E.   fails to give complete and accurate information about the defendant's financial status to the Probation Office;

   F.   obstructs or attempts to obstruct justice, prior to sentencing;

   G.   fails to appear in court as required;

   H.   attempts to withdraw the plea of guilty.

Acknowledgment and Waiver of Rights

    The defendant also acknowledges, understands and agrees that the Court is under no obligation to reduce the defendant's sentence if the Court finds that the defendant has not accepted responsibility.

6. **Acknowledgment of Guilt; Voluntariness of Plea**.

    The defendant acknowledges, understands agrees that he/she is pleading guilty freely and voluntarily because he/she is guilty. The defendant further acknowledges, understands and agrees that he/she is pleading guilty without reliance upon any discussions between the United States and the defendant, without promise of benefit of any kind, and without threats, force, intimidation, or coercion of any kind.

    The defendant further acknowledges his/her understanding of the nature of the offense(s) to which he/she is pleading guilty, including the penalties provided by law.

    The defendant also acknowledges his/her complete satisfaction with the representation and advice received from his/her undersigned attorney.

## Acknowledgment of Defendant

    I am pleading GUILTY because I am GUILTY. I understand the nature of the offense(s) to which I am pleading GUILTY and the penalties provided by law. I further understand the entire content of this form and I sign this form and enter my plea of GUILTY freely and voluntarily. I am not under the influence of drugs or alcohol. I acknowledge that all of the statements provided herein are true and voluntarily given.

Date: 1-3-2005

_____
Signature of Defendant

## Acknowledgment of Defendant's Counsel

    As counsel for the defendant, I have thoroughly explained to the defendant all the above, including the nature of the charge(s), the elements of the offense that the government must prove beyond a reasonable doubt, and the maximum and minimum penalties. I believe the defendant fully understands the meaning of this Acknowledgment of Rights, that s/he is not under the influence of drugs or alcohol, and that s/he knowingly, intelligently and voluntarily waives all of her/his rights as set forth in this form.

Date: 1/3/05

_____
As Counsel for the Defendant

cc: Defendant
    U.S. Attorney
    U.S. Marshal
    U.S. Probation
    Defense Counsel

II. **ELEMENTS OF THE OFFENSES**

    A.    <u>Conspiracy</u>

    1.    <u>The Statute</u>

Title 18, United States Code, Section 371, provides as follows:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense].

    2.    <u>Elements</u>

In general, conspiracy to defraud the United States, such as the conspiracy at issue here, requires proof of the following elements:

    (1)    that the agreement specified in the indictment existed between at least two;

    (2)    the purpose of that conspiracy was to defraud the United States or an agency thereof;

    (3)    that the defendant willfully joined in that agreement; and

2

(4)    that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

Adapted from First Circuit Pattern Jury Instructions (Criminal) §403; United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994); United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir. 1989).

### B.    FALSE CLAIMS ACT

1.    The Statute

Title 18, United States Code, Section 287, provides as follows:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be [guilty of an offense].

2.    Elements

The criminal False Claims Act offense requires proof of the following elements:

1.    Defendant presented to a department or agency specified in the indictment a claim against the United States;

2.    At the time that the claim was presented, the department or agency specified in the indictment was a department or agency of the United States;

3.    The claim presented was false, fictitious and/or fraudulent as charged in the indictment;

4.    Defendant knew that the claim was a false, fictitious and/or fraudulent; and

5.    The false, fictitious and fraudulent aspect of the claim was material.

Adapted from, 2 Fed. Jury Prac. & Instr. § 30.03 (5th ed.) (False, Fictitious, And Fraudulent Claims (18 U.S.C.A. § 287)).

C.  **BRIBERY OF FEDERAL OFFICIAL**

1.  The Statute

With respect to the giving of bribes, 18 U.S.C. §201, provides in pertinent part:

(b) Whoever–
   (1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . with intent–
      (A) to influence any official act; or
      (B) to influence such public official . . . to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
      (C) to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such person ;
. . . shall [be guilty of an offense].

With respect to the receiving of bribes, subsection 201(b)(2) provides, in pertinent part:

(b) Whoever–
   (2) being a public official . . . directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:
      (A) being influenced in the performance of any official act;
      (B) being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
      (C) being induced to do or omit to do any act in violation of the official duty of such official or person;
. . . shall [be guilty of an offense].

2.  Elements

In its basic form, the charge of giving, offering, or promising a bribe to a public official requires proof of the following elements:

1.  Defendant gave, offered, or promised something of value as described in the indictment to--

2.  An individual who was, at that time, an official of the United States or was acting on behalf of the United States; and

3.  Defendant made the gift, offer, or promise corruptly with the intent to influence an official act.

2 Fed. Jury Prac. & Instr. § 27.03 (5th ed.) (Giving, Offering, Or Promising A Bribe To A Public Official (18 U.S.C.A. § 201(b)(1)(A))).

The obverse, taking a bribe by a public official, requires proof of the following elements:

1. Defendant demanded, sought, or received something of value as described in the indictment;

2. Defendant was, at that time, a public official of the United States or was acting on behalf of the United States; and

3. Defendant demanded, sought, or received the item of value corruptly in return for being influenced in the performance of any official act.

2 Fed. Jury Prac. & Instr. § 27.06 (5th ed.) (Demanding, Seeking, Or Receiving A Bribe By A Public Official (18 U.S.C.A. § 201(b)(2)(A))).

D. EMBEZZLEMENT FROM THE UNITED STATES

1. The Statute

The embezzlement statute (18 U.S.C. § 641) provides, in relevant part:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, any record, voucher, money, or thing of value of the United States or of any department or agency thereof,
> * * *
> Shall be [guilty of a felony] . . . but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be [guilty of a misdemeanor].

18 U.S.C. §641.

2. Elements

In order to establish a violation of this statute, the government must prove beyond a reasonable doubt:

> First: That the money or property contained in the indictment belonged to the United States Government and had a value in excess of $100 at the time alleged.

5

  Second: That the defendant stole or converted such money or property for the defendant's own use or for the use of another; and

  Third: That the defendant did so knowing the money or property was not his and with the intent to deprive the owner of the use or benefit of the money or property.

United States v. Aguilar, 967 F.2d 111, 112 (5th Cir. 1992).[1]

 E. FILING FALSE TAX RETURNS

 1. The Statute

Section 7206(1) of Title 26, the false tax return statute, provides in pertinent part:

Any person who—

(1) Declaration under penalties of perjury.--Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony

26 U.S.C. §7206(1).

 2. Elements

The elements of the 26 U.S.C. §7206(1) offense are:

(1) Defendant made and subscribed a return which was false as to a material matter;

(2) The return contained a written declaration that it was made under the penalties of perjury;

(3) Defendant did not believe the return to be true and correct as to every material matter; and

---

[1] An alternative formulation (construing an earlier version of the statute), focuses on the term "embezzle" as requiring proof "that the property lawfully came into the possession or care of the defendant, and the defendant fraudulently appropriated the money or property to his own use or the use of others." United States v. Burton, 871 F.2d 1566, 1570 (11th Cir. 1989).

6

(4)     Defendant acted willfully, with specific intent to violate the law.

United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982). The First Circuit's pattern jury instructions list only three elements for the offense [incorrectly, I believe], not defining as a separate element that the defendant filed a tax return that was, in fact, false. Committee on Pattern Criminal Jury Instructions, First Circuit, Pattern Jury Instructions (Criminal Cases) §4.27. The pattern instructions note that these elements can be modified to reflect that "'[A] return that omits material items necessary to the computation of income is not "true and correct" within the meaning of section 7206.'" Id. (quoting Siravo v. United States, 377 F.2d 469, 472 (1st Cir. 1967)).

For purposes of Section 7206(1), an item is material if it is necessary for a correct computation of the tax. See United States v. Morse, 491 F.2d 149, 157 (1st Cir. 1974) (gross receipts); Siravo v. United States, 377 F.2d 469, 472 (1st Cir. 1967). Under 26 U.S.C. §7206(1), the government need not prove that a tax loss actually occurred. See, e.g., United States v. Puerto, 730 F.2d 627, 630 (11th Cir. 1982) (conspiracy); Silverstein v. United States, 377 F.2d 269 (1st Cir. 1967) (false tax return).

As for knowledge and intent, the defendant's signature on the tax return is sufficient to support a jury finding that she read the return and knew its contents. See United States v. Olbres, 61 F.3d 967, 971 (1st Cir. 1995); Drape, 668 F.2d at 26.

III. PUNISHMENT

1. <u>Maximum Statutory Penalties</u>:

Count 1 (Conspiracy, 18 U.S.C. §371):
- 5 years imprisonment
- $250,000 fine (or twice the gross gain from the offense)
- 3 years supervised release
- $100 special assessment

7

Counts 2-8 (False Claims, 18 U.S.C. §287):
    5 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Count 9 (Receiving Bribes by Public Official, 18 U.S.C. §201)
    15 years imprisonment
    $250,000 fine (or three times the amount of the bribe)
    3 years supervised release
    $100 special assessment

Count 10 (Paying Bribe to Public Official, 18 U.S.C. §201)
    2 years imprisonment
    $250,000 fine
    1 years supervised release
    $100 special assessment

Count 11 (Embezzlement of Public Monies - 18 U.S.C. § 641)
    10 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 12-19 (Subscribing False Tax Returns)
    3 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    1 year supervised release
    $100 special assessment

2.    <u>Guidelines</u>

Assuming the guidelines survive <u>Blakely</u>, it appears that this case is governed by the version of the United States Sentencing Guidelines effective Nov. 1, 2001. The applicable calculations for each defendant appear to be as follows: